IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SUSANA DIAZ,

    Plaintiff,

v.                                                                                  No. 14-cv-0497 RB/SMV

LAS CRUCES PUBLIC SCHOOLS
and XAVIER AVALOS,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION[1]

THIS MATTER is before me on the parties' Joint Motion to Approve Settlement of Minors [Doc. 24] ("Motion"), filed August 5, 2014. The Honorable Robert C. Brack, United States District Judge, referred this matter to the undersigned on August 6, 2014. [Doc. 25]. The Court-appointed guardian *ad litem*, Gabrielle M. Valdez, submitted her report [Doc. 31] on December 15, 2014, recommending approval of the settlement agreement. On December 17, 2014, I held a hearing on the Motion. At the hearing, Ms. Valdez appeared personally together with Plaintiff, Yvette D. (the minor), and Plaintiff's counsel, Charles McElhinney. Ethan Watson, counsel for Defendants, also appeared personally. Plaintiff testified about her understanding of the settlement agreement, and specifically, that the settlement proceeds are to be used solely for the benefit of Yvette. D. For the reasons detailed below, I find the proposed

---

[1] Within fourteen (14) days after a party is served with a copy of these proposed findings and recommended disposition, that party may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). A party must file any written objections with the Clerk of the District Court within the fourteen-day period if that party wants to have an appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed. At the December 17, 2014 hearing, I notified the parties of the fourteen-day objections period. The parties waived the fourteen-day objection period set forth in 28 U.S.C. § 636(b)(1), so that the case may be finalized more quickly.

settlement to be fair, reasonable, and in the best interest of Yvette D., and I recommend that the Motion be GRANTED.

### Fairness Evaluation

"The general rule [in many jurisdictions] is that a next friend or guardian *ad litem* acting for a minor may negotiate a settlement, but such compromise is not binding on the [minor] in the absence of judicial approval." *Garcia v. Middle Rio Grande Conservancy Dist.*, 1983-NMCA-047, ¶ 28, 99 N.M. 802, *overruled on other grounds by Montoya v. AKAL Sec., Inc.*, 1992-NMSC-056, 114 N.M. 354. Where court approval is necessary, the reviewing court must determine whether the settlement is fair and in the minors' best interests. *Shelton v. Sloan*, 1999-NMCA-048, ¶¶ 42, 45, 127 N.M. 92; *Garcia*, 1983-NMCA-047, ¶ 30 (citing *United States v. Reilly*, 385 F.2d 225, 228 (10th Cir. 1967)) (explaining that courts "have a special obligation to see that [minors] are properly represented, not only by their own representatives, but also by the court itself"). The court must reject the settlement if this is not the case. *Id.*

In assessing whether a settlement is fair, reasonable, and in the minor child's best interest, I will consider the following factors:

> (1) whether the proposed settlement was fairly and honestly negotiated;
>
> (2) whether serious questions of law and fact exist, placing the ultimate outcome of the litigation in doubt;
>
> (3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; and
>
> (4) the judgment of the parties that the settlement is fair and reasonable.

*Jones v. Nuclear Pharmacy, Inc.*, 741 F.2d 322, 324 (10th Cir. 1984) (discussing the factors for determining whether a class action settlement is "fair, reasonable[,] and adequate").

## Analysis

I wish to begin by complimenting Ms. Valdez for her thorough, cogent, and considered report, which I thoroughly read and reviewed. *See* [Doc. 31]. Having reviewed the pleadings on file in this matter, having heard testimony from Plaintiff (Yvette D.'s mother), and upon my review of the report and recommendations of the guardian *ad litem*, I make the following findings:

>  (1) the proposed settlement was fairly and honestly negotiated;
> 
> (2) serious questions of law and fact exist, placing the ultimate outcome of the litigation in doubt;
> 
> (3) the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; and
> 
> (4) the parties believe the settlement is fair and reasonable.

Accordingly, I agree with Ms. Valdez's analysis that the settlement of Yvette D.'s claims is fair, reasonable, and in her best interest, and I recommend that the settlement be approved.

At the hearing, the parties waived the fourteen-day objection period set forth in 28 U.S.C. § 636(b)(1), so that the case may be finalized more quickly. Counsel will prepare a proposed form of Order Granting Joint Motion to Approve Minor Settlement and Order of Dismissal with Prejudice, which I will transmit to the presiding judge upon receipt.

## CONCLUSIONS AND RECOMMENDED DISPOSITION

For the reasons set forth herein, I respectfully recommend that the parties' Joint Motion to Approve Settlement of Minors [Doc. 24] be **GRANTED** and the settlement be **APPROVED**.

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**